UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

[TORRES]

CASE NO.   **07-23314 CIV-LENARD**

PATRICK CHARLES, an individual,

    Plaintiff,

vs.

PINNACLE CREDIT SERVICES, LLC,
a Minnesota limited liability corporation,

    Defendant.

_____/



FILED by _____ D.C.
INTAKE

DEC 19 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

## **COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

    Plaintiff, Patrick Charles, an individual, sues Defendant, Pinnacle Credit Services, LLC, a Minnesota limited liability corporation, and alleges:

### ***INTRODUCTION***

    1.    This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.55, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### ***JURISDICTION***

    2.    Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

### ***ALLEGATIONS AS TO PARTIES***

    3.    Plaintiff, Patrick Charles ("Mr. Charles"), is *sui juris* and a resident of Miami-

Dade County, Florida.

4.      Defendant, Pinnacle Credit Services, LLC ("Pinnacle"), is a Minnesota limited
liability corporation doing business in Broward County, Florida.

5.      Pinnacle is properly subject to jurisdiction in the State of Florida and venue in this
District pursuant to the Florida Long-Arm Jurisdiction Statute through the causation of injury in
this state caused by acts or omissions outside the state.

### FACTUAL ALLEGATIONS

### Mr. Charles as an Identity Theft Victim

6.      Several years prior to the filing of the instant action, an unknown person or
persons ("Identity Thief") purloined the identity of Mr. Charles for the purpose of obtaining
consumer credit, goods and services from various financial institutions and merchants.

7.      In late 2002, Mr. Charles became cognizant of the activities of the Identity Thief
while reviewing his consumer reports from the three national credit reporting agencies, to wit:
Equifax Credit Information Services, LLC, Experian, Inc. and TransUnion, LLC (hereinafter
referred to collectively as the "CRAs").  In particular, while viewing his consumer reports, Mr.
Charles discerned that several unfamiliar and unauthorized tradelines had been reported to the
CRAs.

8.      After discovery of the fraudulent tradelines, Mr. Charles has been diligently
attempting to protect his credit and credit reputation.  The efforts of Mr. Charles included *inter
alia* the following:

- the placement of an extended fraud alert with the CRAs
- enrollment in a credit file monitoring program
- repeated communications with creditors and debt collectors concerning the

various fraudulent tradelines

9.      Despite the efforts of Mr. Charles, the Identity Thief created an open-ended credit agreement, known more commonly as a "credit card account" ("Fraudulent Charge Account"), with an entity known as "Associates Bank" ("Associates") without the permission, consent or knowledge of Mr. Charles.

### *Overview of Debt Buying Industry*

10.     As a result of more efficient information technology during the last decade, traditional consumer lenders such as banks, credit unions and finance companies have adopted business plans to dispose of uncollectible consumer accounts using a business practice known more commonly in the debt collection trade and consumer advocacy organizations as "debt scavenging," "zombie debt collection," or "junk debt collection." In the typical business model employed by businesses such as Pinnacle, the debt collection agency will buy charged-off accounts from original lenders for pennies on a dollar.

11.     The profitability of the debt buying industry is reflected in a hundred-fold increase in the gross amount of consumer debt being sold to debt buyers in less than fifteen years, from $660,000,000 in 1993 to $57,000,000,000 in 2004. See, S. Hwang, Once Ignored Debts Are the Focus of Booming Industry, Wall Street Journal A1 (Oct. 25, 2004), available at 2004 WLNR 3352902.

12.     The growth in the debt buying industry has placed financially distressed families against a new type of entrepreneur who press payment of very old bills that may or may not be theirs and may or may not be for the right amount.

13.     Debt buyers such as Pinnacle typically obtain very little information about the consumer debts that they buy.  In particular, a debt buyer does not have a copy of the signed

contract, charge slips, application for a credit card or written assignment of the claim. See, e.g.,

Debt Buyers Association v. Snow, 481 F. Supp.1 (D.D.C. 2006)[ bad debt buyers failed to enjoin

the IRS from enforcing its requirement that debt buyers file Form 1099-C; debt buyers claimed

that they are incapable of distinguishing between interest and principal when they receive an

assignment of gross amount of debt and that compliance with IRS rules would effectively force

them to violate the FDCPA by necessarily misrepresenting those components]; Atlantic Credit

and Finance, Inc. v. Giulana, 829 Atl. 2nd 340 (Penn. Sup. Ct. 2003); Asset Acceptance

Corporation v. Proctor, 804 NE 975 (Ohio Ct. App. 2004).

### *Abusive Debt Collection Practices of Pinnacle*

14.   At some unknown time prior to the filing of the instant action, Associates or its

successors in interest sold or transferred the Fraudulent Charge Account after default in payment

to Pinnacle for the purposes of collection under unknown terms and for unknown consideration.

15.   In the fall of 2007, Mr. Charles and his wife entered into an agreement to purchase

a new home for their family in Miami-Dade County, Florida.  As a result of their intended

purchase, Mr. Charles and his wife applied for a mortgage with a lender, which in turn accessed

the consumer reports of Mr. Charles.

16.   By information and belief, Pinnacle monitors consumers reports of consumers

such as Mr. Charles in order to discern whether an application for credit is being made by the

consumer.

17.   By information and belief, when Pinnacle observes that an application for credit

has been made by a consumer, Pinnacle will immediately report or cause to be reported a

tradeline in the name of Pinnacle on the consumer report of the consumer in a deceptive, unfair

and unconscionable practice known in consumer advocacy organizations as "debt parking."

18.     The "debt parking" practice allows debt collectors such as Pinnacle to impair or even block the ability of a consumer such as Mr. Charles to obtain credit until the consumer pays the alleged debt reported by Pinnacle. The practice is especially effective as the existence of the derogatory tradeline is not known to the consumer until immediately before a consumer intends to finance a significant purchase such as an automobile or home.

19.     Shortly after the application for credit by Mr. Charles, commencing in October, 2007, Pinnacle reported or caused to be reported to a consumer reporting agency, to wit: Experian, that Mr. Charles owed the sum of Two Thousand Seven Hundred Forty-Eight ($2,748.00) Dollars on the Fraudulent Charge Account formerly owned by Associates.

20.     On or about November 24, 2007, Mr. Charles observed for the first time that Pinnacle was reporting the Fraudulent Charge Account on his consumer report.

21.     On the same day as the discovery of the credit reporting by Pinnacle, Mr. Charles made a request for reinvestigation to Experian wherein Mr. Charles informed Experian *inter alia* that the Fraudulent Charge Account was not opened by Mr. Charles and that he had no responsibility for the payment of same ("Request for Reinvestigation").

22.     Contemporaneous with the transmission of the Request for Reinvestigation to Experian, Mr. Charles sent or caused to be sent to Pinnacle a letter disputing the debt represented by the Fraudulent Charge Account and informing Pinnacle that Mr. Charles had been a victim of identity theft and that he did not owe any money on the Fraudulent Charge Account ("Dispute Notice").

23.     A true and correct copy of the Dispute Notice together with the certified mail return receipt is attached hereto and incorporated herein by reference as Exhibit "A."

24.     Pinnacle was informed of the Request for Reinvestigation by Experian and was

requested by Experian to confirm whether the debt represented by the Fraudulent Charge Account was owed by Mr. Charles.

25.     Subsequently, despite the receipt of the Dispute Notice and communication by Experian concerning the Request for Reinvestigation, Pinnacle reported falsely to Experian that a tradeline existed in the form of the Fraudulent Charge Account and that Mr. Charles was delinquent in the payment of same ("Fraudulent Charge Account Default Representation").

26.     Despite the receipt of the unambiguous dispute by Mr. Charles concerning the Fraudulent Charge Account, Pinnacle failed to disclose to Experian that the account was disputed as required under Florida and federal law.

27.     In communicating to Experian, Pinnacle falsely reported to Experian that an account had been opened by Mr. Charles in October, 2007 when in fact no such account had been opened by Mr. Charles on such a date.

## COUNT I - ACTION FOR VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.)*

28.     This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

29.     Mr. Charles realleges and reaffirms the allegations contained in Paragraphs 1 through 27 above as if set forth hereat in full.

30.     At all times material hereto, Mr. Charles was a  "consumer" as said term is defined under 15 U.S.C. §1692a(3).

31.     At all times material hereto, Associates was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

32.     At all times material hereto, the Fraudulent Charge Account was a "debt" as said

term is defined under 15 U.S.C. §1692a(5)

33.     At all times material hereto, Pinnacle was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

34.     As more particularly described above, Pinnacle has violated the FDCPA in that Pinnacle has:

(a)     used false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. §1692e;

(b)     communicated to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in contravention of 15 U.S.C. §1692e(8);

(c)     used false representations or deceptive means to collect or attempt to collect any debt in contravention of 15 U.S.C. §1692e(10); and

(d)     used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

35.     As a direct and proximate result of the violation of the FDCPA by Pinnacle, Mr. Charles has been damaged. The damages of Mr. Charles include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment and damage to the credit and credit reputation of Mr. Charles.

36.     Pursuant to 15 U.S.C. §1692k, Mr. Charles is entitled to recover actual damages together with statutory damages of $1,000.00, together with court costs and reasonable attorneys fees.

37.     Mr. Charles has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Patrick Charles, an individual, demands judgment against Defendant, Pinnacle Credit Services, LLC, a Minnesota limited liability corporation, for damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

38.     This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

39.     Mr. Charles realleges and reaffirms the allegations contained in Paragraphs 1 through 27 above as if set forth hereat in full.

40.     At all times material hereto, the Fraudulent Charge Account constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

41.     At all times material hereto, Mr. Charles was a "debtor" or "consumer debtor" as said terms are defined under Florida Statutes §559.55(2).

42.     At all times material hereto, Associates was a "creditor" as said term is defined under Florida Statutes §559.55(3).

43.     At all times material hereto, Pinnacle was a "debt collector" as said term is defined under Florida Statutes §559.55(6).

44.     As more particularly described above, Pinnacle has violated the FCCPA in that Pinnacle has:

(a)     disclosed to a person other than Mr. Charles or his family information affecting the reputation of Mr. Charles, whether or not the credit worthiness, with knowledge or reason to know that the information was false in contravention of Florida Statutes §559.72(5);

and

(b)     disclosed information concerning the existence of a debt known to be reasonably disputed by Mr. Charles without disclosing that fact in contravention of Florida Statutes §559.72(6).

45.     As a direct and proximate result of the violation of the FCCPA by Pinnacle, Mr. Charles has been damaged. The damages of Mr. Charles include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment and damage to the credit and credit reputation of Mr. Charles.

46.     The actions of Pinnacle were willful, wanton and in conscious disregard for the rights of Mr. Charles to the extent that Pinnacle is liable for punitive damages in an amount to be determined by the reasonableness of a jury

47.     Mr. Charles has retained the undersigned law firm to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

48.     Pursuant to Florida Statute §559.77, Mr. Charles is entitled to recover actual damages together with statutory damages of $1,000.00, together with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Patrick Charles, an individual, demands judgment for actual, statutory and punitive damages against Defendant, Pinnacle Credit Services, LLC, a Minnesota limited liability corporation, together with interest, costs and attorneys pursuant to Florida Statutes §559.77.

## COUNT III - ACTION FOR COMMON LAW DEFAMATION

49.     This is a claim for common law defamation seeking damages in excess of $15,000.00, exclusive of interest and costs.

50.     Mr. Charles realleges and reaffirms the allegations contained in Paragraphs 1 through 27 above as if set forth hereat in full.

51.     Pinnacle published the Fraudulent Charge Account Default Representation to the CRA's and to all potential lenders of Mr. Charles on multiple occasions ("Defamation").

52.     The Defamation was willful. Pinnacle does not have any reasonable basis to believe that Mr. Charles was responsible for the account reported in the Fraudulent Charge Account Default Representation. It also had substantial evidence for which it could have verified that Mr. Charles was not the person who had applied for and contracted for the credit.

53.     Pinnacle willfully determined to follow procedures which did not review, confirm or verify the identity of persons to whom money was owed.

54.     As a result of the conduct, action and inaction of Pinnacle, Mr. Charles has suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental pain, emotional pain, anguish, humiliation and embarrassment of credit denials.

55.     The defamation, conduct and actions of Pinnacle are willful, deliberate, intentional and with reckless disregard for the interest and rights of Mr. Charles so as to justify an award of punitive damages against Pinnacle in an amount to be determined by the reasonableness of a jury.

WHEREFORE, Plaintiff, Patrick Charles, an individual, demands judgment for compensatory and punitive damages against Defendant, Pinnacle Credit Services, LLC, a Minnesota limited liability corporation, together with interest and costs.

## COUNT IV - ACTION FOR WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI*

56.     This is an action for the willful violation of the Fair Credit Reporting Act, 15

U.S.C. §1681, *et sequi* ("FCRA") seeking damages in excess of $15,000.00, exclusive of interest, costs and attorney's fees.

57.     Mr. Charles realleges and reaffirms the allegations contained in Paragraphs 1 through 27 above as if set forth hereat in full.

58.     Pursuant to the FCRA, all persons who furnished information to reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of the information contained in a consumer credit report.

59.     Pursuant to the FCRA, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Mr. Charles.  The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

60.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Pinnacle must report the results to other agencies which were supplied such information.

61.     Pinnacle violated 15 U.S.C. §1681s by publishing the Fraudulent Charge Account Default Representation without also including the notation that the Fraudulent Charge Account was disputed; by failing to fully and properly investigate the dispute of Mr. Charles with respect to the Fraudulent Charge Account Default Representation; by failing to review all relevant information regarding same and by failing to correct the report results in an inaccurate investigation to the credit reporting agencies.

62.     As a result of the conduct, action and inaction of Pinnacle, Mr. Charles has suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and

the mental and emotional pain, anguish, humiliation, embarrassment of credit denials.

63.     The conduct, action and inaction of Pinnacle was willful, rendering Pinnacle liable for actual and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §1601n.

64.     Mr. Charles is entitled to recover reasonable costs and attorney's fees from Pinnacle in an amount to be determined by the Court pursuant to 15 U.S.C. §1601n.

WHEREFORE, Plaintiff, Patrick Charles, an individual, demands judgment in his favor against Defendant, Pinnacle Credit Services, LLC, a Minnesota limited liability corporation, for actual and punitive damages together with attorney's fees and court costs pursuant to 15 U.S.C. §1601n.

## COUNT V - ACTION FOR NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI*

65.     This is an action for the negligent violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et sequi* ("FCRA"), seeking damages in excess of $15,000.00, exclusive of attorney's fees and court costs.

66.     Mr. Charles realleges and reaffirms the allegations contained in Paragraphs 1 through 27 above as if set forth hereat in full.

67.     Pursuant to the FCRA, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

68.     Pursuant to the FCRA, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Mr. Charles. The furnisher must then conduct a timely investigation of the disputed information and

review all relevant information provided by the agency.

69.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Pinnacle must report the results to other agencies which were supplied such information.

70.     After receiving the Request for Reinvestigation and all the other communications from Mr. Charles, Pinnacle negligently failed to conduct its reinvestigation in good faith.

71.     A reasonable investigation would require a furnisher such as Pinnacle to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

72.     The conduct, action and inaction of Pinnacle was negligent, entitling Mr. Charles to recover actual damages under 15 U.S.C. §1681o.

73.     As a result of the conduct, action and inaction of Pinnacle, Mr. Charles suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

74.     Mr. Charles is entitled to recover reasonable attorney's fees and costs from Pinnacle in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

WHEREFORE, Plaintiff, Patrick Charles, an individual, demands judgment in his favor against Defendant, Pinnacle Credit Services, LLC, a Minnesota limited liability corporation, for

## DEMAND FOR JURY TRIAL

Plaintiff, Patrick Charles, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
rphyu@aol.com

Patrick Charles
484 NW 165th ST RD,#508
Miami,FL 33169

Pinnacle Credit Services
7900 Highway 7 # 100
Saint Louis Park,MN 55426

Saturday,November 24th 2007

RE:Account # EB06.............(As listed on my credir report with Experian)
Original Creditor:Associates Bank(Which I've never dealt with)
Certified Mail Receipt Number:7007 0220 0002 7246 8984

To Whom It may concern,

Please read this letter carefully including all the accompanying documents sent as proof
regarding this alleged unverifiable,unknown to me multiple times disputed and deleted by
the 3 Credit Bureaus because no such debt exists.I personally have never dealt with any
bank named Associates Bank.I've been victim of Identity Theft going back to 2002.Yet
despite all my efforts to get you collectors off my back about a debt which I know nothing
about and after exercising my rights as a consumer by giving you people multiple
opportunities to validate this alleged debt to which none of you has responded so far.

This is America not Communist China .You cannot just claim that I owe you money
without the proper validation to back it up according to the FDCPA which I know you are
well aware of.Thus making your attempt to collect this illegal debt willful,intentional and
flagrant violation of my rights under Federal Law.
I've disputed this account with Experian,Transunion and Equifax(proof enclosed)and on
each occasion they have given CACH LLC(from which you bought this debt because they
can't collect) 30 days to verify this alleged debt and on each occasion they've failed to do
so according to the law.
 On March 16th 2007(proof enclosed) I requested validation from CACH LLC as per my
rights under FCRA and FDCPA .More than 30 days went by and to this day I have to hear
from them.Because of their non response by Law this matter has been considered closed
since April 26th 2007.
 You have already reported this illegal debt with Experian as of today November 24th
2007 and I strongly recommend you remove it because any adverse taken against me by
any current or prospective creditors because of this negative info on my report will be
dealt with with strong legal action on my part in Federal Court againt your Office and
CACH LLC as I have enough proof (audio and Paper trail) to do so.
  I'm going to ask for full  validation one last time before I take Legal action on this
matter.

By Law you must provide the following information:



1.Please evidence your authorization under 15 USC 1692(e) and 15 USC 1692(f) in this alleged matter

2. What is your authorization of law for collection of information?

3.What is your authorization of law for your collection of this alleged debt?

4.Please evidence your authorization to do business in the State Of FLorida

5.Please evidence proof of the alleged debt,including the alleged contract or other instrument bearing my signature.

6.Please provide a complete account history,imcluding any charges added for collection activity.

You have thirty (30) days from the receipt date of this notice to respond.Your failure to respond on point,in writing,hand signed and in timely manner,will work as a waiver to any and all of your claims in this matter and will entitle me to presume that you bought and tried to collect this illegal debt in error and this matter is permanently closed. Provide the proof or correct the record and remove this invalid from all sources to which you have reported it to.

For the purpose of 15 USC 1692 et seq.,this notice has the same effect as a dispute to the validity of the alleged debt and a dispute to the vality of your claims.This notice is an attempt to correct your records,and any information received from you will be collected as evidence should further action be necessary.Thi is a request for information only,and is not a statement,election or waiver of status.

P.S : Communicate only by mail with me.Do not call my home or my cell.This is a formal cease and desist request.Follow the Law.

Patrick Charles 11/24/2007

UNITED STATES POSTAL SERVICE

MINNEAPOLIS MN 55~

03 DEC 2007 PM 11

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

PATRICK CHARLES
484 NW 165TH ST RD, #508
MIAMI, FL 33169

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PINNACLE CREDIT SERVICES
7900 HIGHWAY 7, #100
SAINT LOUIS PARK, MN 55426
MN 55426

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Chrissa L Wiese_   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   Chrissa L Wiese    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   EB 806 668 735 US

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**JS 44** (Rev. 11/05)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

Patrick Charles, an individual

*TORRES*

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

*CIV-LENARD*

Robert W. Murphy, Esq.
1212 SE 2nd Avenue
Ft. Lauderdale, FL 33316; Telephone: (954) 763-8660

**DEFENDANTS**

Pinnacle Credit Services, LLC, a Minnesota limited liability corporation

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

Attorneys (If Known)

**07-23314**

**(d)** Check County Where Action Arose: ☑MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   HIGHLANDS

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☑ 3 Federal Question (U.S. Government Not a Party) | (For Diversity Cases Only) |

*1:07CV 23314-Lenard*
*Torres*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☑ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

*FILED by NA
INTAKE

DEC 19 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.*

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO
JUDGE _____   DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Violation of 15 U.S.C.§1692 et sequi (Fair Debt Collection Practices Act)
LENGTH OF TRIAL via _2_ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD _____   DATE 12/19/07

FOR OFFICE USE ONLY
AMOUNT 350   RECEIPT # 541835